# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| GURPARTAP SINGH TOOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV613-051 |
| | ) |
| WARDEN JOSE MORALAS, | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

On April 29, 2013, Gurpartap Singh Toor fired a blast of paper at this Court. Proceeding *pro se*, he applied for 28 U.S.C. § 2254 habeas relief, *Toor v. Morales*, CV613-048 doc. 1 (S.D. Ga. Apr. 29, 2013), a petition that was dismissed because he failed to pay the $5 filing fee. Doc. 8. Next, he filed a 28 U.S.C. § 2255 motion, *Toor v. United States*, CV613-47, doc. 1 (S.D. Ga. Apr. 29, 2013), which this Court dismissed because he cannot use § 2255 to challenge a state conviction. *Id.*, docs. 5 & 7. And finally, he filed a 28 U.S.C. § 2241 petition in this case, also slated for dismissal upon his failure to pay the $5 filing fee. CV613-051, docs. 2 & 7.

Having since paid that fee, Toor moves for leave to file a recitation about Georgia's abusive litigation statute, doc. 12, as well as leave "to file civil lawsuit(s) complaint(s) pursuant to 28 U.S.C. § 1331." Doc. 13. Those motions (docs. 12 & 13) are **DENIED** as nonsensical and frivolous. And his § 2241 motion must be **DENIED** because the form he selected shows that it is premised on a "savings clause" alternative to § 2255. *See, e.g., United States v. Neder*, 451 F. App'x 842, 845 (11th Cir. 2012). As previously noted, Toor is challenging a state conviction, which means this matter must be raised under § 2254. Hence, he may file a new § 2254 proceeding (or move to reopen CV613-048) and ask that the fee be waived in light of his $5 payment here. In the meantime, this case must be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken

in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 8th day of July, 2013.

                                                                   UNITED STATES MAGISTRATE JUDGE
                                                                   SOUTHERN DISTRICT OF GEORGIA